Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 306 | **DATE** | 5/15/2001 |
| **CASE TITLE** | The Brenner Group vs. Seaboard Surety Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the summary judgment [10-1] of the defendant, Seaboard Surety Company. Therefore, judgment is entered in favor of Seaboard Surety Company on Count I of plaintiff's complaint. Status hearing set for 5/29/2001 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 17 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 01 MAY 16 PM 2:10 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE BRENNER GROUP, )
)
Plaintiff, )
) No. 00 C 306
v. )
) Judge Wayne R. Andersen
SEABOARD SURETY COMPANY, )
)
Defendant. )

DOCKETED
MAY 1 7 2001

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of defendant Seaboard Surety Company ("Seaboard") for summary judgment on Count I of plaintiff's complaint. For the following reasons, we grant the motion for summary judgment.

### BACKGROUND

Plaintiff has filed a seven count complaint alleging breach of written contract claims arising out of Seaboard's alleged failure to pay plaintiff for consulting services rendered on seven different matters. From approximately 1984 through June, 1989, plaintiff performed operational and financial consulting services for Seaboard which had acted as surety on bonds related to various construction projects. Plaintiff claims that it failed to receive full payment from Seaboard as to certain of these projects when plaintiff fell behind in issuing billings for services rendered in 1987, 1988 and 1989.

Count I of plaintiff's complaint relates solely to consulting services that plaintiff performed for Seaboard regarding a matter known as Ashby Metal Products. In that count, plaintiff alleges a claim against Seaboard for breach of a written contract dated October 22, 1985. Plaintiff concluded its work on the Ashby Metal Products matter in November of 1988. However, plaintiff did not

submit invoices to Seaboard relating to those services until December 21, 1989 and February 19, 1990. Plaintiff alleges that it never received payment for these services rendered during the years 1987 and 1988.

Plaintiff alleges that it is entitled to payment for its services. Plaintiff claims that Seaboard is in breach of the October 22, 1985 written contract for services. Plaintiff also bases its claim for payment on a "new promise to pay" the amounts due in the form of a letter dated November 14, 1990 which was authored by Seaboard attorney, Joseph Fratello.

Seaboard argues that plaintiff's claim is barred by the Illinois ten-year statute of limitations for actions on written contracts. 735 ILCS 5/13-206. In addition, Seaboard argues that Seaboard has made no "new promise to pay" the amounts allegedly due within the statutory period. Therefore, Seaboard claims that it is entitled to summary judgment on Count I.

## DISCUSSION

Summary judgment will be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court will not render summary judgment if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The mere possibility of a factual dispute is not enough to defeat a summary judgment motion. Id. at 250; Waidridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).

In this case, it is undisputed that we should apply the statute of limitations of the State of Illinois. When jurisdiction is based on diversity of citizenship, a federal court is obliged to apply the statute of limitations of the state in which it sits. Malone v. Bankhead Enterprises, Inc., 125 F.3d

535 (7th Cir. 1997). In Illinois, actions based on "written contracts, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued; but if any payment or new promise to pay has been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay." 735 ILCS 5/13-206.

In this case, plaintiff did not bring a lawsuit to enforce its claim for payment within ten years of the accrual of its cause of action. Plaintiff alleges that it has not been paid for services rendered in 1987 and 1988. Plaintiff alleges that billings for those years were forwarded to Seaboard in 1989 and 1990, but that plaintiff has not received payment for those services at any time. Plaintiff's own assertions support a bar to its claims.

Under Illinois law, once plaintiff completed its services for Seaboard, constituting the entire performance of plaintiff's work on the Ashby Metal Products matter, plaintiff acquired the right to commence an action to enforce its claim at that time and the statute of limitations began to run. Brown v. Forest Park Foundation, 17 Ill.App.3d 718, 720, 308 N.E.2d 310 (3d Dist. 1974). Once plaintiff had no contractual obligation to perform or provide continuing services for Seaboard, the entire performance of the contract between the parties was complete. At that point, plaintiff acquired the right to commence an action to enforce its claim and the statute of limitations began to run. Brown, 17 Ill.App.3d at 720, 308 N.E.2d at 312.

In this case, plaintiff alleges it completed its work on Ashby Metal Products in 1988. Under the ten year statute of limitations for written contracts, plaintiff had until 1998 to commence its action. Since plaintiff did not commence this cause of action until December, 1999, plaintiff is not

permitted under Illinois law to extend the statute of limitations to twelve years by submitting invoices two years after work was performed when it had contracted to submit monthly billing. To permit late billings to extend the time during which suit must be filed would undermine the purpose of the statute of limitations.

Moreover, plaintiff cannot point to any subsequent writing in which Seaboard agreed to pay for plaintiff's services rendered in the Ashby Metal Products matter. The only writing which plaintiff can point to regarding any alleged "new promise to pay" amounts due is a November, 1990 letter written by Joseph Fratello. However, that letter is not sufficient to constitute a "new promise to pay" the alleged debt under Illinois law.

A new promise to pay may essentially revive an old debt, but this revival can be accomplished only by an explicit agreement. <u>Schmidt v. Desser</u>, 81 Ill. App.3d 940, 401 N.E.2d 1299 (1st Dist. 1980). The <u>Schmidt</u> court held that to constitute an explicit agreement, an agreement deferring payment must fix the amount due. <u>Id.</u> A "new promise to pay" which does not liquidate the amount of the claim cannot toll the statute of limitations. <u>Id.</u>

The reasoning of the <u>Schmidt</u> case is in line with other jurisdictions which similarly require that a new promise to pay must be unambiguous and in writing to toll the applicable statute of limitations. Specifically, courts have required that such a writing must: 1) show the nature and amount of the debt or must distinctly refer to some writing or to some other means by which the nature and amount of it can be ascertained; and 2) manifest a definite and unqualified intention to pay the debt. <u>Coe v. Highland School Associates Limited Partnership</u>, 125 N.C. App. 155, 479 S.E.2d 257, 259 (Ct.App.N.C. 1997).

The underlying basis for requiring specific writings is clear as stated by the <u>Schmidt</u> Court. If a new promise to pay did not liquidate the amount of the claim but at the same time extended the statute, courts would face litigation to determine the amount of the claim many years after the fact, when the witnesses have scattered and memories dimmed. <u>Schmidt</u>, 81 Ill. App. 3d at 943. By refusing to toll the statute of limitations unless the new promise liquidates the claim, courts are spared the task of litigating a difficult question based on very stale evidence. <u>Id.</u> at 944.

Here, the alleged Ashby Metal Products debt is not referred to in any way in the writing on which plaintiff relies to toll the statute of limitations. Nor is there a manifestation of a definite and unqualified intention to pay the Ashby Metal Products claim. The writing at issue only says "we are processing your other invoices and will forward payment shortly." Illinois courts have determined that similar phraseology of "we will process your claim for payment" does not suggest an unqualified representation to pay any claim. See <u>Allstate Ins. Co. v. Horn</u>, 24 Ill.App.3d 583, 321 N.E.2d 285, 289-90 (1st Dist. 1974).

Plaintiff can point to no new writing which constitutes a new promise to pay any amounts allegedly due plaintiff on the Ashby Metal Products matter. Therefore, plaintiff's claims are barred by the Illinois ten year statue of limitations on written instruments. Judgment is granted in favor of Seaboard on Count I of plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, we grant the summary judgment motion of the defendant, Seaboard Surety Company. Therefore, judgment is entered in favor of Seaboard Surety Company on Count I of plaintiff's complaint.

Wayne R. Andersen
United States District Judge

Dated: May 15, 2001