

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 306 | **DATE** | 7/16/2001 |
| **CASE TITLE** | The Brenner Group vs. Seaboard Surety Company | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For these reasons, we grant the motion for summary judgment of Seaboard on Counts II, III, V, VI and VII of plaintiff's complaint. Count IV is dismissed with prejudice. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 17 2001 date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING  01 JUL 17 AM 7:52 | docketing deputy initials |
| | Copy to judge/magistrate judge. | | date mailed notice |
| | TSA courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number
78

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BRENNER GROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 0306 |
| ) | |
| SEABOARD SURETY COMPANY, ) | Honorable Wayne R. Andersen |
| ) | |
| Defendant. ) | |

DOCKETED
JUL 1 7 2001

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendant Seaboard Surety Company ("Seaboard") for summary judgment on Counts II through VII of plaintiff's complaint. For the following reasons, we grant the motion for summary judgment on Counts II, III, V, VI and VII. For the reasons stated in open court, Count IV is dismissed.

Plaintiff's seven-count complaint alleges breach of written contract claims arising out of Seaboard's alleged failure to pay plaintiff for consulting services for work rendered during the mid to late 1980's. Plaintiff claims it failed to receive full payment from Seaboard as to services rendered on certain projects when plaintiff fell behind in issuing billings in 1987, 1988, and 1989.

Seaboard previously moved for summary judgment on Count I of plaintiff's complaint. In a Memorandum Opinion and Order entered on May 15, 2001, we granted Seaboard's motion for summary judgment on Count I. Under the Illinois ten-year statute of limitations for written contracts, plaintiff's cause of action was barred because it was not commenced within ten years after the cause of action accrued. Under the facts of Count I, plaintiff had concluded its work for

Seaboard in November, 1988. However, plaintiff did not submit invoices regarding those services to Seaboard until December 21, 1989 and February 19, 1990. Plaintiff did not receive payment for these amounts due, so plaintiff filed this lawsuit in December 1999, eleven years after completing the work. The basis for our decision is that the claim was barred by the statute of limitations.

Seaboard has now moved for summary judgment on the remaining counts of the complaint based on same reasoning as presented in its motion for summary judgment on Count I. We will now address the motion for summary judgment as to Counts II, III, V, VI, and VII.

In Count II, plaintiff claims breach of a written contract dated September 15, 1986. Plaintiff rendered services to Seaboard from September 1, 1987 to December 31, 1988. Plaintiff did not submit invoices to Seaboard regarding this matter until February 28, 1989. Plaintiff did not receive payment for its services rendered in the amount of $13,205.

In Count III, plaintiff claims breach of a written contract dated March 25, 1987. Plaintiff rendered services to Seaboard from May 1, 1987 until December 31, 1987. Plaintiff submitted an invoice to Seaboard on February 28, 1989. Plaintiff claims it never received payment for these services in the amount of $2,878.

In Count V, plaintiff claims breach of a written contract dated June 21, 1987. Plaintiff performed work for Seaboard during June and July of 1987. Plaintiff submitted invoices to Seaboard on September 8, 1989, but never received payment for the work performed in the amount of $22,365.

In Count VI, plaintiff alleges a claim for breach of written contract dated March 21, 1987. Pursuant to the contract, plaintiff rendered services to Seaboard from October 1987 through February 1988. Plaintiff claims it never received payment in the amount of $8,452.

Finally, in Count VII, plaintiff alleges a claim for breach of a written contract dated June 5, 1986. Pursuant to the contract, plaintiff rendered services to Seaboard during July and August of 1987. Plaintiff submitted an invoice for this work on August 31, 1987, but never received payment.

Thus, as in Count I, plaintiff claims that Seaboard is in breach of various written contracts for services dating back to 1986 and 1987 and for work completed as early as July 1987 (Count V) and as late as December 31, 1988 (Count II). Plaintiff also bases its claims for payment on the same "new promise to pay" which plaintiff relied on in Count I, a letter dated November 14, 1990 which was authored by Seaboard attorney, Joseph Fratello.

We find that Counts II, III, V, VI and VII are barred by the Illinois ten year statute of limitations for actions on written contracts. 735 ILCS 5/13-206. Since all of the work performed by plaintiff was completed in 1987 through December 31, 1988 at the latest, plaintiff had ten years from December 31, 1988 to commence an action. Since this action was not filed until December 20, 1999, it is barred by the statute of limitations. Plaintiff should not be permitted to extend the statute of limitations by submitting invoices years after the work was performed when it had contracted to submit monthly billings. To permit late billings to extend the time during which suit must be filed would undermine the purpose of the statute of limitations.

Moreover, plaintiff cannot point to any subsequent writing in which Seaboard agreed to pay for plaintiff's services. Any reliance on Joseph Fratello's November 14, 1990 letter as a new promise to pay fails since that letter is not sufficient to constitute a new promise to pay under Illinois law, for the reasons mentioned on pages 4-5 of our May 15, 2001 opinion.

3

For these reasons, we grant the motion for summary judgment of Seaboard on Counts II, III, V, VI and VII of plaintiff's complaint. Count IV is dismissed with prejudice. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: July 16, 2001